### TAYLOR vs. FELPS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

According to the divorce law of 1827, ascendants of one of the spouses are competent witnesses to prove cruel and unjustifiable treatment on the part of either of the spouses towards the other, in an action for separation from bed and board; but their competency does not extend to proof of the property which the wife claims in such cases.

In a cause tried by the court alone, it is not to be presumed that the judge *a quo* was influenced in his judgment by improper evidence. So, where, after rejecting the illegal evidence which was admitted on the trial, there is still enough to sustain the judgment of the court, it will be affirmed.

This is an action by the plaintiff, against her husband, for a separation from bed and board, and for a division and separation of property.

The plaintiff alleges that she has been cruelly and outrageously treated by her husband, without her fault, so as to render their living together insupportable. She prays for judgment separating her in bed and board, and for a division and separation of property from her said husband, &c.

The defendant denied that there existed any cause to authorize a separation of bed and board or of property as alleged by the petitioner: and further that no community of property existed between them, as alleged, &c.

On these pleadings and issues the cause was submitted to the court with the testimony adduced by the parties.

The plaintiff offered her father as a witness to prove the matters alleged in her petition. The defendant's counsel

objected to the witness testifying to any other matter than the separation from bed and board, which was overruled and the witness admitted generally. A bill of exceptions was taken to the opinion of the court.

The district judge decreed the separation from bed and board, and allowed the wife to take certain slaves, with half the value of a gin and the crop growing, to be divided as her share of the community property, and also the right to retain the possession of her children. From this decree the defendant appealed.

*Andrews*, for the plaintiff, contended that the father of the plaintiff was a competent witness in her behalf to prove any facts legally admissible in her case, and generally. 1 *Moreau's Digest*, 412. 7 *Louisiana Reports*, 281.

2. Where the law makes no exceptions, the court can make none, as to the competency of witnesses. The law says the witness is competent to testify in behalf of the wife, not to this or that fact, but generally.

*Bradford*, for defendant.

1. The court erred, in permitting Isaac Taylor, the father of plaintiff, to testify generally in the case. By a special statute the ascendants and descendants can testify as to cruel treatment, in actions of separation, and no farther. See *Act of* 1827, *section* —, *Louisiana Code*, *articles* 2260, 2261, 2262.

2. The court, in its opinion, has not referred to any law " in virtue of which said judgment was rendered," nor does it even assert that said judgment is warranted by any law. It is, therefore, illegal, null and void. *State Constitution*, *article* 4, *section* 12. 2 *Moreau's Digest*, *page* 16, *of Appendix*.

3. The land on which the gin is built, was partnership property, between defendant and his wife of the first marriage ; there was an heir of that marriage, now an emancipated minor, and there never was a partition of the partnership property, between the defendant and said minor, consequently the plaintiff could not claim one half of the ameliorations made on the land held in partnership between the heir of the first

According to the divorce law of 1827, ascendants of one of the spouses are competent witnesses to prove cruel and unjustifiable

EASTERN DIST. marriage and the defendant, which the judgment of the
June, 1836. District Court has decreed.

FLETCHER'S
HEIRS.          *Mathews, J.,* delivered the opinion of the court.
*vs.*
CAVELIER ET AL,    In this case the wife claims a separation from her husband,
treatment on the as to bed and board, and also a partition of property.  She
part of either of
the spouses to- obtained a judgment in the court below, favorable to both
wards the other,
in an action for claims, and the defendant appealed.
separation from
bed and board;    The father of the plaintiff appeared as a witness, and was
but their compe- permitted to testify in pursuance of the provisions of the act
tency does not
extend to proof of the legislature, made in relation to married persons who
of the property
which the wife claim a divorce.   This law clearly renders ascendants com-
claims in such petent witnesses to prove cruel and unjustifiable treatment on
cases.
   In a cause tried the part of either of the spouses towards the other.   In the
by the court a- present case the father was permitted to testify as to the wife's
lone, it is not to
be    presumed property, and to this part of his testimony an exception was
that the judge *a*
*quo* was influen- taken.   We are of opinion, that on this branch of the cause
ced in his judg- he was not a competent witness, and thus far his testimony
ment by impro-
per    evidence: must be rejected.   The case was tried in the court below
so, where, after
rejecting the il- without the intervention of a jury.   The record shows ample
legal    evidence proof to support the judgment then rendered in relation to
which was ad-
mitted on the tri- the partition of property, without the testimony of the father,
al, there is still
enough to sus- and it is not presumable that the judge *a quo* was influenced
tain the judg- in rendering the final judgment by improper evidence.
ment of the
court, it will be
affirmed.          It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.